# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LAURA L. HAY,

      Plaintiff,

  v.                                   Civil Action 2:18-cv-742
                                         Chief Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Laura L. Hay ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 17), and the administrative record (ECF No. 7). Plaintiff has not filed a reply. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

### I.    BACKGROUND

Plaintiff filed her application for disability insurance benefits on August 14, 2014, alleging that she had been disabled since September 30, 2014. (R. 253–59.) On February 14, 2017, following administrative denials of Plaintiff's application, a video hearing was held before Administrative Law Judge Patricia Carey (the "ALJ"). (*Id.* at 50–89.) The ALJ issued a decision on March 29, 2017, finding that Plaintiff was not disabled within the meaning of the

Social Security Act. (*Id.* at 16–29.) In her decision, the ALJ noted that Plaintiff met the insured status requirements through December 31, 2018. (*Id.* at 18.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity during the period from her alleged onset date of September 30, 2013. (*Id.*) The ALJ found at step two that Plaintiff had the severe impairments of removal of colon, ulcerative colitis, osteoporosis, trochanteric bursitis of both hips, empty sella syndrome, and depression. (*Id.*).

The ALJ concluded at step three that Plaintiff did not, however, have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 19.) Specifically, the ALJ considered and rejected Listings 5.06 (inflammatory bowel disease) and 12.04 (affective disorders). (*Id.* at 19–21.) The ALJ did not consider Listing 5.08 (weight loss due to a digestive disorder).

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

After setting forth Plaintiff's residual functional capacity ("RFC")[2], and relying on the hearing testimony of a vocational expert, the ALJ ultimately concluded that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. She therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. (*Id.* at 28.)

On May 30, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Id.* at 1–7.) Plaintiff then timely commenced the instant action, in which she challenges only the ALJ's failure at step three to consider whether Plaintiff's impairments met or equaled Listing 5.08.

## II. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III.    ANALYSIS

Plaintiff raises a single issue in her Statement of Errors (ECF No. 11): that the ALJ committed reversible error when she failed to consider whether Plaintiff's impairments met or equaled the severity of Listing 5.08. This listing requires "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 5.08.

Social Security Regulations require ALJs to consider relevant listings in reaching their disability determinations. "Yet they do not require the ALJ to address every listing." *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641–42 (6th Cir. 2013). In particular, "the ALJ need not discuss listings that the applicant clearly does not meet, especially when the claimant does not raise the listing before the ALJ." *Id.* "If, however, the record 'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Id.* (quoting *Abbott v. Sullivan,* 905 F.2d 918, 925 (6th Cir. 1990)).

4

Here, Plaintiff cannot demonstrate that the record raises a substantial question as to whether she could qualify as disabled under Listing 5.08. Although she identifies four dates on which her body mass index was less than 17.50 (Feb. 26, 2013, June 24, 2013, April 28, 2014, and June 27, 2014, R. at 586, 574, 519, and 511, respectively), the Commissioner correctly points out that only the latter two dates fall within her alleged period of disability (September 30, 2013 through the present).

Further, although her low BMIs on April 28, 2014, and June 27, 2014, were observed at least 60 days apart within a consecutive 6-month period, the low BMI observed on April 28, 2014, cannot be said to have been observed "despite continuing treatment as prescribed" for a digestive disorder as required by the Listing. Plaintiff argues that "Dr. Sage [Plaintiff's primary care physician] has provided treatment for Ms. Hay for several years and has specifically treated her for her ulcerative colitis and repeatedly documented her BMI and weight loss." (Statement of Errors, ECF No. 11 at 8.) However, a review of Dr. Sage's treatment notes reveals that she was not treating Plaintiff for any digestive problems as of the office visit on April 28, 2014 (the date of Plaintiff's first low BMI within the period of disability). (R. 519.) Rather, although Dr. Sage noted Plaintiff's low weight and occasional reports of diarrhea over several years, she treated Plaintiff only for other complaints, such as knee pain, hypothyroidism, and depression. Instead of treating Plaintiff's digestive issues herself, Dr. Sage referred Plaintiff to Dr. Levin, a gastroenterologist, for treatment of Plaintiff's digestive problems. (*Id.* at 526–616.)

But Dr. Levin's notes dated May 8, 2014, indicate that "[Plaintiff] was last seen in my office back in 2012. She never followed back up as she was supposed to." (*Id.* at 661.) Dr. Levin also noted at that time that "[Plaintiff currently is on no medication from an [inflammatory bowel disease] standpoint and has not been since her surgery [in 2002]." (*Id.* at 662.) While the

5

record does reflect that Plaintiff was treated by Dr. Levin for digestive problems going forward from this time, the record does not demonstrate that she was being treated at the time of her first relevant low BMI score on April 28, 2014.

Accordingly, only one low BMI score, recorded on June 27, 2014, was observed "despite continuing treatment as prescribed" for a digestive disorder. The Listing requires two such BMI observations at least 60 days apart within a consecutive 6-month period. Plaintiff therefore cannot show that the record raises a substantial question as to whether she could qualify as disabled under Listing 5.08. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (impairment "must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.") (emphasis in original); *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1989) (Commissioner's decision affirmed where medical evidence "almost establishes a disability" under Listing). The ALJ accordingly did not err in not considering whether Plaintiff's impairments met or equaled the severity of Listing 5.08.

## IV. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is

made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE